WO

JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose German-Barraza, | No. CV 21-01250-PHX-MTL (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Petitioner Jose German-Barraza, who is confined in the Red Rock Correctional Center in Eloy, Arizona, has filed a pro se document (Doc. 1), in which he requests that his state sentence run concurrently with his previous federal sentence. The Court will summarily dismiss this action.

On May 31, 2011, Petitioner pleaded guilty to one count of illegal re-entry, and on June 2, 2011, he was sentenced to a 60-day term of imprisonment. *See United States v. German-Barraza*, CR 11-01985-TUC-DTF (D. Ariz. 2011).

On May 12, 2021, Petitioner pleaded guilty in Yavapai County Superior Court case #P-1300-CR-202001242 to one count of transportation of a dangerous drug and was sentenced to an eight-year term of imprisonment.[1] Petitioner's of-right post-conviction relief proceeding has not commenced. *See* Ariz. R. Crim. P. 32.4, 32.7.

---

[1] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (search by case number P-1300-CR-202001242 in Yavapai County Superior Court) (last accessed July 20, 2021); https://corrections.az.gov/public-resources/inmate-datasearch (search by Inmate Number 348614 in Active Inmates) (last accessed July 20, 2021).

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute). To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects the Petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37

(1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).

Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. Thus, the Court will abstain from interfering in Petitioner's ongoing state-court criminal proceedings and will dismiss the Petition and this action as premature.

**IT IS ORDERED:**

(1) Petitioner's document (Doc. 1) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 23rd day of July, 2021.

Michael T. Liburdi
United States District Judge